| | |
|---|---|
| Corinne Ann Lewis, | Case No. 21-cv-1274 (WMW/KMM) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Shanea Love Ford, | |
| Defendant. | |

This matter is before the Court on Plaintiff Corinne Ann Lewis's *pro se* complaint seeking custody of her grandchild, (Dkt. 1), application to proceed *in forma pauperis*, (Dkt. 2), and emergency motion, (Dkt. 3).

In order to adjudicate Lewis's emergency motion, the Court must first determine whether it has subject-matter jurisdiction as to the claims alleged in the complaint.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Only when the Court has been authorized by the Constitution and by statute to adjudicate a dispute may it do so. *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Bueford v. Resol. Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) ("Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. It may be raised at any time by a party to an action, or by the court *sua sponte*."). The two primary sources of subject-matter jurisdiction in federal court are federal-question jurisdiction, 28 U.S.C § 1331, and diversity jurisdiction,

28 U.S.C. § 1332.  A plaintiff must provide in her complaint "a short and plain statement of the grounds for the court's jurisdiction" so that the Court may ensure that it has jurisdiction over the matter.  Fed. R. Civ. P. 8(a)(1).

Lewis's complaint does not expressly state any grounds for the Court's jurisdiction as the boxes for both "Federal Question" jurisdiction and "Diversity of Citizenship" jurisdiction are unchecked.  Nor is a basis for the Court's jurisdiction apparent from the other factual allegations that Lewis provides in her pleading.

With respect to federal-question jurisdiction, federal district courts have been granted jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; in other words, this Court may adjudicate disputes that arise under *federal* law.  But Lewis does not invoke any specific federal constitutional or statutory provision in her complaint.  And it does not appear that federal law applies to the allegations described in the pleading.  Therefore, the Court lacks federal-question jurisdiction over this matter.

When a case does not involve a federal question, a court may still have subject-matter jurisdiction over the case if diversity jurisdiction is established.  *See* 28 U.S.C. § 1332(a).  As relevant here, diversity jurisdiction provides a federal court with subject-matter jurisdiction over some questions of state law if the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000.  *Id.*

Although the complaint does not provide the citizenship of Lewis and Defendant Shanea Ford, the complaint alleges that both parties are residents of Minnesota.  And even

if the parties were citizens of different states and the amount-in-controversy requirement were satisfied, this Court's diversity jurisdiction would not extend to child-custody decrees of the kind sought by Lewis. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that there is a domestic relations exception to diversity jurisdiction, which "divests the federal courts of power to issue . . . child custody decrees"). Therefore, the Court lacks diversity jurisdiction over this matter.[1]

Without jurisdiction, this Court cannot proceed to the merits of this lawsuit. Instead, the complaint must be dismissed without prejudice. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice." (internal quotation marks omitted)). Lewis's motion for emergency relief likewise must be denied as moot because the Court lacks authority to adjudicate this dispute. Finally, since this action cannot proceed in federal court based on the allegations presented, Lewis's pending application to proceed *in forma pauperis* also is denied as moot.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff Corinne Ann Lewis's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

---

[1]     To the extent that Lewis is entitled to legal relief, such relief is governed by state law. Accordingly, Lewis must pursue her action in state court.

2.     Lewis's application to proceed *in forma pauperis*, (Dkt. 2), is **DENIED AS MOOT**.

3.     Lewis's emergency motion, (Dkt. 3), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  June 1, 2021                               s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge